### Shepherd v. Laviers.

(Decided February 11, 1919.)

Appeal from Floyd Circuit Court.

Injunction—Grantor and Grantee—Suit by Third Person to Quiet Title—Payment of Purchase Money Into Court—Right to Compel. —A grantor of minerals, under a deed containing a covenant of general warranty, who when sued by another to quiet his title to the minerals presented various defenses, and asked that his grantor interplead and defend the title, was not entitled to a mandatory injunction requiring his grantor to pay the purchase money into court pending the settlement of title.

WM. LANE, WM. DINGUS and WILLIAMS & JAMES for appellant.

J. C. HOPKINS and A. J. KIRK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This action was originally brought by Ben Hale against H. Laviers, to quiet his title to the minerals underlying a tract of land in Floyd county, and to enjoin Laviers from entering upon the land and removing the

minerals. In addition to denying Hale's title, Laviers pleaded *res adjudicata,* estoppel and other defenses. By another paragraph of his answer, which he made a cross-petition against Jacob Shepherd and wife, he alleged that they had conveyed the minerals to him by deed containing a covenant of general warranty, and asked that they be required to interplead and defend the title. He further alleged that he had paid Shepherd and wife the sum of $4,891.80, in full payment for a perfect title; that prior to the institution of the suit, Shepherd and wife had on deposit the sum of $6,300.00, including the $4,891.80; that upon the institution of the action they unlawfully and fraudulently withdrew this deposit from the bank; that Shepherd and wife were each insolvent; that if it should be decreed that plaintiff, Ben Hale, was entitled to recover the minerals from defendant, and defendant should be evicted, defendant would lose the consideration paid to Shepherd and wife; that by reason of the fact that he had paid the money to Shepherd and wife for the sole purpose of securing a perfect title to the property, he was entitled to a lien upon the consideration paid; that if Shepherd and wife were permitted to withdraw said money from the bank, and hold, dispose of and use the same, great and irreparable injury would be suffered by defendant in the event that plaintiff, Ben Hale, should succeed in his efforts to oust defendant. He also alleged that he had no adequate remedy at law, and asked that a mandatory injunction be issued, requiring Shepherd and wife to pay the purchase money into court, to be held until the final disposition of the cause. The chancellor granted the relief prayed for and Shepherd and wife appeal.

It may be conceded, that pending a suit in equity or at law, an injunction may be granted to preserve the existing status of the property involved until a final settlement of the right or title. It may further be conceded that an injunction will lie at the instance of creditors and encumbrancers, such as mortgagees, chattel mortgagees, or mechanics' lienors, or to aid them in the enforcement of their claims, by restraining the removal, disposition or destruction of property, subject to their claims or encumbrances. 22 Cyc. 840; Phillips v. Winslow, 18 B. Monroe 431. But, these principles have no application to the facts of this case. Here, the property involved is the minerals and not the purchase money. Defendant is not seeking to set aside the conveyance to him on the

ground of fraud.   He is merely asking for a recovery over against Shepherd and wife in the event that plaintiff, Hale, should establish his title to the minerals.   The mere possibility that Hale might succeed is not sufficient to give defendant a lien on the purchase money paid to the Shepherds.   Ordinarily, the arm of the chancellor cannot be used for the collection of an existing debt, but here we are asked to go further and compel the defendant's vendors to pay their money into court for the purpose of indemnifying the defendant against a loss which he might never sustain.   While it is true that injunctive relief is a matter of growth, and the courts are continually finding new subjects for such relief, we are firmly persuaded that the facts of this case are not sufficient to authorize such relief. If such were the rule, then everyone liable to become indebted to another could be compelled to pay his money into court until the question of liability was determined.   It follows that the chancellor erred in granting the relief prayed for.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.